IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

Anthony A. Mitchell, Jr.,

Plaintiff,

v.

Madison Johnson,
an individual,

Roco Real Estate Jacksonville LLC,
a Michigan limited liability company,

Roco Management LLC,
a Michigan limited liability company, and

Roco Real Estate, LLC,
a Michigan limited liability company.

Defendants.

## COMPLAINT

### Parties

1. Plaintiff Anthony A. Mitchell, Jr., is a citizen of Georgia.

2. Defendant Madison Johnson is a citizen of Alabama.

3. Defendant Roco Management LLC is a Michigan limited liability company whose principal place of business is Bloomfield Hills, Michigan.[1]

4. The members of Roco Management LLC are unknown at this time

5. Defendant Roco Real Estate LLC is a Michigan limited liability company whose principal place of business is Bloomfield Hills, Michigan.

6. Roco Real Estate Jacksonville LLC is a Michigan limited liability company whose principal place of business is Bloomfield Hills, Michigan.

## Venue

7. Mr. Mitchell alleges that the amount in controversy exceeds $75,000 exclusive of interest and court costs.

---

[1] Plaintiff's counsel is fully aware that the citizenship of the members of each LLC named as a defendant in this case will determine the issue of whether the parties are actually diverse from one another because corporations are citizens both of the states where they were incorporated and where theie principal places of business are located. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1021 n. 1 (11th Cir. 2004)(citing 28 U.S.C. §1332(c)(1). The LLCs named as defendants in this case are ALL Michigan LLCs with their principal places of business in Michigan. When plaintiff's counsel contacted a clerk at the business services division of the Michigan Secretary of State to ascertain the identities of the members of each LLC, the clerk advised that Michigan law does not require incorporators/organizers of an LLC to actually identify or disclose the LLC's member(s). The clerk advised that the filings for all of the LLCs named in this case omitted the identities of their members. Consequently, the Michigan Secretary of State was unable to identify the members of the defendant LLCs. Certainly, when served, the defendant LLCs can identify their members for the Court and the plaintiff.

8.  Based on present information and belief, the parties are completely diverse pursuant to 28 U.S.C. §1332(c)(1).

9.  Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(a)(2), which says that venue is appropriate in a jurisdiction "in which a substantial part of the events or omissions giving rise to the claim occurred."

10. The incident giving rise to this complaint occurred in Jacksonville, Calhoun County, Alabama, which sits in the Northern District of Alabama, Northeastern Division.

**Facts**

11. In 2016, on information and belief, defendants Roco Management LLC and/or Roco Real Estate LLC and/or Roco Real Estate Jacksonville LLC owned, operated, and managed an apartment complex called The Reserve at Jacksonville ("The Reserve") and leased apartments at The Reserve to students attending Jacksonville State University.

12. In June 2016, Mr. Mitchell's son, Caleb Mitchell, was preparing to attend JSU.

13. Mr. Mitchell signed an apartment lease with The Reserve, so that Caleb could live in an apartment at The Reserve while attending JSU.

14. The lease identifies The Reserve as "the landlord."

15. The lease prohibited Caleb from having any pets of any kind.

16. At the time, Mr. Mitchell's son also had three roommates.

17. Two of Caleb's roommates were defendant Madison Johnson and Sydney Sorrell.

18. Ms. Johnson's and Ms. Sorrell's leases at The Reserve also prohibited them from having any pets in the apartment they shared with Caleb Mitchell.

19. On information and belief, the lease that Caleb, Ms. Johnson, and Ms. Sorrell signed says, "¶16. Pets: Pets are not allowed even temporarily anywhere in the Premises or Common Areas without Landlord's written authorization as set forth in a *Pet Addendum*."

20. No one had written permission to bring a dog into the apartment that Caleb, Ms. Sorrell, and Ms. Johnson shared.

21. Additionally, on information and belief, attached as Schedule A to the lease that Caleb, Ms. Johnson, and Ms. Sorrell signed were the *Community Rules and Regulations*.

22. In the *Community Rules and Regulations*, Part II, Actions of Residents, ¶1, it reads, "Pets are not allowed in the apartment without Landlord's written approval by means of a signed *Pet Addendum*."

23. No one had a *Pet Addendum* that permitted dogs in the apartment that Caleb, Ms. Sorrell, and Ms. Johnson shared.

24. Additionally, at the time of the incident made the basis of this case, Ms. Sorrell was an employee or an agent of Roco Management LLC, Roco Real Estate LLC, and/or Roco Real Estate Jacksonville LLC and knew all of the rules regarding pets.

25. Caleb, Ms. Sorrell, and Ms. Johnson moved in to the apartment at The Reserve.

26. The apartment had four separate/private bedrooms, four separate/private bathrooms, a common kitchen, and a common living area/den.

27. Over the next few months, Ms. Johnson began to allow a friend to bring his dog, which was a pit bull mixed breed, to the apartment.

28. The owner of the pit bull mixed breed also lived in an apartment at The Reserve property where Caleb, Ms. Johnson, and Ms. Sorrell lived.

29. On numerous occasions that the pit bull mixed breed was in Caleb's, Ms. Johnson's, and Ms. Sorrell's apartment, the dog was not in his kennel, was not restrained in any way, and was not under control.

30. The pit bull breed is an animal known to have dangerous propensities.

31. In late November 2016, the pit bull mixed breed lunged at another person.

32. On December 4, 2016, the pit bull mixed breed was at the apartment and in the common area shared by Caleb and his roommates.

33. The animal was not in his kennel, was not restrained in any way, and was not under control.

34. Ms. Sorrell, who was the defendants' employee, knew that the animal was not in his kennel, was not restrained in any way, and was not under control because she observed the animal that day.

35. Additionally, Ms. Sorrell knew that both her lease and Ms. Johnson's lease at The Reserve prohibited them from having pets in the apartment they shared with Caleb Mitchell.

36. Additionally, Ms. Sorrell knew that The Reserve lease signed by the animal's owner did not permit the owner to take the animal into anyone else's apartments at The Reserve or to leave it at anyone else's apartment.

37. That day, Ms. Johnson and the animal's owner departed from the apartment that she shared with Caleb and Ms. Sorrell but left the animal there.

38. As the defendants' employee, Ms. Sorrell knew that the animal had been left there and that the animal was neither in a kennel nor restrained and that it was not otherwise under control.

39. As the defendants' employee, Ms. Sorrell failed to take action to remove the animal from the apartment, failed to notify her employers, the defendants, and/or management that the animal was in the apartment, and otherwise failed to enforce The Reserve's rules prohibiting pets in that apartment.

40. On December 4, while inside his son's apartment and while standing in the living area/den shared by Caleb, Ms. Johnson, and Ms. Sorrell, Mr. Mitchell approached the animal.

41. The animal lunged at Mr. Mitchell, bit him on the face, and punctured his cheek.

42. As a direct result of the bite, Mr. Mitchell sustained serious injuries, which were:

    a. facial lacerations and punctures;

    b. immediate fright and fear;

    c. an infection that required hospitalization and several days/hours of intravenous antibiotic therapy;

    d. permanent scars;

e. medical bills totaling $43,484.94;

f. lost wages of about $1,000;

g. physical pain for which Mr. Mitchell claims at least $100,000;

h. emotional harm for which Mr. Mitchell claims at least $75,000;

i. and permanent injury for which Mr. Mitchell claims at least $50,000.

**Claims 1 and 2: Negligence and Wantonness**
**(against all named defendants)**

43. Mr. Mitchell incorporates all the preceding paragraphs by reference as if fully set out here.

44. The defendants owed the duty of reasonable care to Mr. Mitchell.

45. The named and fictitious party defendants breached the duty of reasonable care.

46. The defendants acted either unreasonably or recklessly or with a conscious disregard for Mr. Mitchell's rights or safety.

47. The defendants' conduct caused Mr. Mitchell's harm.

48. Alternatively, the defendants' conduct may have combined and concurred with the conduct of other persons not named as defendants in this lawsuit to cause Mr. Mitchell's harm.

49. Roco Management LLC, Roco Real Estate LLC, and/or Roco Real Estate Jacksonville LLC are vicariously liable to Mr. Mitchell for the acts of their employee Sydney Sorrell.

50. Alternatively, Roco Management LLC, Roco Real Estate LLC, and/or Roco Real Estate Jacksonville LLC are liable to Mr. Mitchell pursuant to *respondeat superior* or because Ms. Sorrell acted as their agent.

51. As a result of the wrongful acts, omissions, and conduct done to him, Mr. Mitchell suffered the above-listed damages.

Wherefore, on the basis of the foregoing, Mr. Mitchell requests that a verdict be rendered in his favor for compensatory and punitive damages, that the Court enter judgment consistent with this verdict, and that the Court award to him interest from the date of the judgment and the costs incurred by the Court in managing this lawsuit.

### Jury Demand

Mr. Mitchell demands trial by a struck jury.

Respectfully submitted,

/s/William "Bo" Johnson III (ASB2310M69J)
Attorney for Anthony A. Mitchell Jr.

<u>Of Counsel for the Plaintiff</u>
William "Bo" Johnson III (ASB2310 M69J)
KIRBY JOHNSON, P.C.
One Independence Plaza Drive, Suite 520
Birmingham, Alabama 35209
Telephone: (205) 458-3553
Facsimile: (205) 458-3589
bjohnson@kirbyjohnsonlaw.com

**Please serve the defendants by certified mail at the following addresses**

Ms. Madison Johnson
823 County Road 447
Fort Payne, Alabama 35968-4216

Roco Management, LLC
Registered Agent for Service: Cogency Global, Inc.
2 North Jackson Street, Suite 605
Montgomery, AL 36104

Roco Real Estate, LLC
Registered Agent for Service: Cogency Global, Inc.
2 North Jackson Street, Suite 605
Montgomery, AL 36104

Roco Real Estate Jacksonville, LLC
Registered Agent for Service: David Colman
33 Bloomfield Hills Parkway, Suite 135
Bloomfield Hills, MI 48304